No. 39,853

NORVIEL DICE, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF COFFEY COUNTY, *Appellee.*

(289 P. 2d 782)

Opinion filed November 12, 1955.

*George E. McCullough,* of Topeka, argued the cause, and *Robert L. Kimbrough* and *Charles R. Escola,* both of Topeka, were with him on the briefs for the appellant.

*William A. Buckles,* County Attorney, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: In April, 1953, plaintiff pleaded guilty to a misdemeanor and was sentenced to confinement for forty-five days in the county jail of Coffey County and to pay a fine of $100 and costs. On or about the time he commenced serving his jail sentence he paid the fine and costs in full. While thus confined he, at his own suggestion and request, and as an accommodation to him, entered into an agreement with the sheriff of Coffey County to do certain carpenter work on county buildings for the sum of $2 per day. Pursuant to this agreement he worked for twelve days. His verified claim for $24 was allowed by the board of county commissioners and he accepted such sum in full settlement for the work done by him.

Later, and after his release from custody, plaintiff filed a claim

against the county for payment of an additional sum on the theory that as the work performed by him was "skilled labor," as distinguished from "hard labor," the provisions of G. S. 1949, 44-201, *et seq.,* commonly known as the minimum wage law, applied to his employment for the twelve day period while he was a prisoner in the county jail. Following the denial of his claim this action was brought. It was stipulated that the average area rate for the carpentry craft in Coffey County, during the period in question, was $2 per hour. Specifically, it is claimed that during the twelve days plaintiff worked eighty hours for which he is entitled to receive $2 per hour, and sixteen hours for which he is entitled to receive $3 per hour, the latter being on the theory of "overtime," making a total of $208, less the $24 credit, and the prayer of the petition seeks recovery in the amount of $184.

The trial court denied recovery and plaintiff has appealed.

In this court the question involved is stated in various ways and numerous contentions are made. However, narrowed down, actually the one and only question in the case is whether, under the facts, the minimum wage law of this state has any application.

In our opinion, there are a number of sound reasons why the judgment of the trial court must be upheld. We mention but two of them.

In the first place, the legislature, by the enactment of G. S. 1949, 62-2109, dealt with the subject of "employment" of those persons who have been convicted of misdemeanors and are serving sentences in the county jail. Under the first provision of that section plaintiff could have been compelled to work at hard labor for eight hours of every working day while so confined and for which he would not have been entitled to receive payment. Under the facts before us we are not concerned with the latter portion of the section which provides for a credit of $2 per day on a prisoner's fine and costs when work is performed upon the public roads or highways of the county.

In the second place, we think it may not be said that in the enactment of our minimum wage law (G. S. 1949, 44-201, *et seq.*) the legislature ever intended that it should apply to a situation such as we have here. No good purpose would be served by setting out its provisions or discussing them in detail. The historical and legislative background of the law is discussed in *State v. Blaser,* 138 Kan. 447, 26 P. 2d 593. We simply hold that the minimum

wage law has no application to a "contract of employment" such as we have in this case.

Numerous contentions made by plaintiff have been examined and considered, but, lacking merit, require no discussion. The judgment of the trial court was clearly correct and is affirmed.